Hon. JNO. H. BURFORD, Chief Justice.
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,      } Associate Justices.
Hon. FRANK E. GILLETTE.
Hon J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

MAY ROUTH, *formerly May Dykes,* JOHN ROUTH *and* W. E. COOPER, v. JOSEPH KOSTACHEK.

(Filed June 7, 1905.)

AGENCY—Promissory Notes. An agent who purchases a note with his principle's money and has it endorsed to himself, may maintain an action thereon in his own name.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before,*
*Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiffs in error.

*H. B. Martin,* for defendant in error.

## STATEMENT OF FACTS.

This action was commenced in the district court of Noble
County on the 6th day of September, 1902, by Joseph Kosta-
chek against May Routh, formerly May Dykes, John Routh
and W. E. Cooper, upon a note and mortgage executed by
May Dykes, who afterwards married John Routh, to Levi F.
Warren for $1250.00 and interest at the rate of seven per
cent. per annum. The defendant, John Routh, was made
a party to the action because he was the husband of May
Routh, and W. E. Cooper was made a party because he was
in possession of the land upon which the mortgage was ex-
ecuted. The defendants answered in said action on the
4th day of November, 1902, and subsequently, on the 20th
day of February, 1903, the defendants John Routh and
May Routh filed an amended answer, in which amended an-
swer it is admitted that the plaintiff, Joseph Kostachek, was
the owner of the note sued upon, but alleged that the same
was transferred to him for the purpose of oppressing Mrs.
Routh. In the answer it is alleged that the original note was
obtained by one S. D. Bailey from Mrs. Routh by fraud, and
that Joseph Kostachek having purchased the note after ma-
turity took it subject to this defense. To this answer the
plaintiff filed a reply in the nature of a general denial. The
action was tried on the 22nd day of June, 1903, resulting in
a judgment in favor of the plaintiff, Joseph Kostachek, and
against the defendant, May Routh, for the recovery of the

amount of the note and interest, and against all of the defendants for a foreclosure of the mortgage.

Opinion of the court by

IRWIN, J.: The first propositon urged for a reversal of this case is that Bailey and Kirtley were proper parties to the action, and it was necessary for a proper adjudication of the litigation to make them parties defendant, for which purpose a motion was made by defendants to make Bailey and Kirtley defendants. An examination of the record will show that Kirtley was not connected in any way with the execution of the note and mortgage, and was not in the possession of the land, and the only allegation in the answer which tends to show that Kirtley was a necessary party was the allegation that he claimed some interest in the land, and had procured Kostachek to purchase this note for the purpose of oppressing Mrs. Routh. The only reason assigned why Bailey is a proper party to this action, is that Bailey at one time acted as the attorney for May Dykes, now May Routh had made false representations to her as to the value of his services and the amount of expenses incurred by him in conducting her litigation in regard to this land, and that he had procured this note through fraud. It is not alleged or contended that Bailey or Kirtley, or either of them, was in possession of this land. Now the only effect it seems to us by making Bailey or Kirtley a party to this action would be to make the note subject to the defense of fraud. This would be true as a matter of law, whether they were parties to the record or not, in view of the fact that this note was purchased after maturity, an allegation in the answer which is conceded by the plaintiff in the case. It seems to us that if Bailey or Kirtley had any interest in the land which it was

necessary to adjust in order to properly adjudicate this case, that Kostachek had the right, if he saw fit, to make them parties to this action, but there is no law compelling him to make them parties so long as he does not seek to reach any interest they may have in the land, or ask for any relief as against them. The allegations set up in the answer could all be established without making either Bailey or Kirtley parties, hence we think there was no error in the district court in overruling the motion to make them parties defendant. If Bailey did use fraud in procuring this note, and if it were proven in the defense of this case, it would defeat the action whether Bailey or Kirtley were parties to the action or not, and the question as to whether or not this note was obtained by fraud was an issue clearly raised by the pleadings and decided by the court; and as to whether that decision was right or wrong, depends entirely upon the question as to whether there was evidence in the case which reasonably tends to support this finding. We have examined the record, and from it we cannot say that there was no evidence which reasonably tends to support the findings of the court that this note was not obtained from May Dykes by fraud.

The second assignment urged for a reversal is that Levi F. Warren was never a purchaser or indorser of the note, and was never a holder for value. The force and effect of this assignment of error is avoided by the admission which the plaintiff has made all through the trial of this case; that is, that this note was purchased after maturity, and was subject to all the defenses in the hands of the plaintiff that it would have been in the hands of the original payee of the note.

The third assignment of error is that Kostachek was not the real party in interest, and the owner of the note in

Routh *et al.* v. Kostachek.

question. The fact that this note was assigned to the plaintiff in the court below seems to be conceded by the pleadings of the defendant. In the amended answer, at page 20, of the record, we find this language: "That after the maturity of said note the same was transferred to plaintiff in this case by the procurement of the said H. B. Martin, the said B. L. Kirtley, and the said S. D. Bailey." Now it is conceded that this note was transferred to the plaintiff. But it was sought to be shown by the testimony of Mr. Kostachek that he was not the real owner of this note, but we think a fair interpretation of his testimony would be that while he procured a portion of this money from his brother, and another portion from other parties, and that the note was bought with the money of other parties, the transfer was made to the plaintiff, Kostachek, and the assignment as shown by the record was made to him. We think this clothes him with such title as authorized him to bring suit in his own name. We think the most liberal construction that could be put upon his testimony would show that the plaintiff Joseph Kostachek, was handling a part of his brother's property, and, with the consent of his brother, used as collateral security notes belonging to his brother to secure his own note to Mrs. Marshall, to procure the money with which the note in suit was purchased.

In the case of the *First National Bank v. Hughes,* 46 Pac. 272, the supreme court of California decided as follows.

"Transfer of a note to a bank for collection, gives it such ownership thereof that it can sue the maker thereon."

In the recent case of *Cochran v. Siegfried,* 75 S. W. 742, Texas Civ. App., it is held:

"An agent who purchases a note with his principal's money and has it endorsed to himself, may maintain an action thereon in his own name."

The fourth assignment of error is that Kostachek, if he was not the actual owner of the note and mortgage, could not recover for the benefit of another upon the pleadings, averring that he was the owner. The answer to this assignment of error is that as to the real ownership of this note it became an issue in the case, and the evidence on the proposition was conflicting, and it was the province and duty of the district court to weigh the testimony, and to determine on which side the preponderance was. This having been done, and there being evidence which tends to support such finding, this court will not disturb it.

As to the seventh assignment of error, which is, that the court committed error in denying a new trial, the argument of counsel seems to be a recapitulation of the entire case, and a weighing and a discussing of the evidence, and as heretofore said in this opinion, this was peculiarly the province of the district court; and where there is no apparent abuse of discretion, this court will not interfere with the finding of the court in overruling the motion for new trial.

Having carefully examined the record, and finding no error, the case is affirmed, at the costs of the plaintiffs in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.